## LORI DANISE *v.* BUDGET RENT-A-CAR OF WESTCHESTER, INC., ET AL.
## (14014)

Foti, Landau and Hennessy, Js.

Submitted on briefs January 9—officially released May 7, 1996

*James A. Wade*, with whom, on the brief, was *Craig A. Raabe*, for the appellant (plaintiff).

FOTI, J. The plaintiff appeals following the trial court's denial of her motion to open the judgment of dismissal for failure to prosecute with reasonable diligence.

The plaintiff, a passenger in a rented car, was injured in a single car accident in May, 1988. She commenced suit against the driver, Martin W. Martonik; the car's lessee, Mary C. Danise; the lessor, Budget Rent-A-Car of Westchester, Inc.; and the permittee of the restaurant where Martonik had allegedly consumed alcohol prior to the accident, William Cavanaugh. The action was dismissed in December, 1991, pursuant to Practice Book § 251.[1] Thereafter, the plaintiff commenced the present action against the same four defendants pursuant to the accidental failure of suit statute, General Statutes § 52-592. Two defendants, Martonik and Cavanaugh, were defaulted for failure to appear.[2] On June 24, 1994, this second action was dismissed for failure to prosecute with reasonable diligence, pursuant to Practice Book § 251. The plaintiff's motion to open the judgment of dismissal, filed pursuant to Practice Book § 326, was denied. The trial court granted the plaintiff's motion to reargue her motion to open but denied the relief sought. The plaintiff filed this appeal on September 12, 1994.

On June 20, 1995, the plaintiff withdrew her appeal against Budget Rent-A-Car of Westchester, Inc., and, on September 25, 1995, withdrew her appeal against the defendant Mary C. Danise.

---

[1] Practice Book § 251 provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the court may . . . render a judgment dismissing the action . . . ."

[2] The plaintiff never moved for judgment to be rendered on those defaults.

The plaintiff's appellate brief was filed on January 6, 1995. As no appellee's brief had been filed in response, the parties were directed to appear on September 20, 1995,[3] to address whether the appeal should be disposed of pursuant to Practice Book § 4055.[4] The plaintiff indicated that the appeal was being withdrawn against the last appearing defendant, but requested relief as against the two nonappearing and defaulted defendants.[5]

Where a court has the power to open a judgment, its action represents the exercise of discretion. *Cichy* v. *Kostyk,* 143 Conn. 688, 697, 125 A.2d 483 (1956). We will not disturb that decision on appeal unless the court acted unreasonably and in clear abuse of its discretion. *Connecticut National Bank* v. *Oxenhandler,* 30 Conn. App. 541, 546, 621 A.2d 300 (1993); *Batory* v. *Bajor,* 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990).

Our review of the record discloses that the trial court did not act unreasonably under the particular circumstances of this case, nor did the court abuse its discre-

---

[3] The defendant, Mary C. Danise, was still a party to this appeal at that time.

[4] Practice Book § 4055 provides: "If a party shall fail to prosecute an appeal with proper diligence, the court may, on motion by any other party to the appeal or on its own motion, dismiss the appeal with costs. If a party shall fail to defend against an appeal with proper diligence, the court may, on motion by any other party to the appeal or on its own motion, set aside in whole or in part the judgment under attack, with costs, and direct the entry of an appropriate final judgment by the trial court against the party guilty of the failure. If that party is a defendant in the action, the directed judgment may be in the nature of a judgment by default for such amount as may, upon a hearing in damages, be found to be due. If that party is a plaintiff in the action, the directed judgment may be one dismissing the action as to that plaintiff, and the judgment shall operate as an adjudication upon the merits. The statutory provisions regarding the opening of judgments of nonsuit and by default shall not apply to a judgment directed under the provisions of this rule. A motion to dismiss or for judgment based on lack of diligence may be filed at any time."

[5] This court, sua sponte, ordered that the appeal be considered on the appellant's brief and the record only.

tion in denying the plaintiff's motion to open.[6] We see no practical purpose in reviewing the background of this matter. Our inquiry does not end there, however. Because of the particular circumstances of this case, we choose to act pursuant to our authorization under Practice Book § 4055.

When this matter was dismissed on June 24, 1994, pursuant to § 251, the action affected all parties, including the defaulted nonappearing parties. The motion to open the judgment of dismissal was directed to all four defendants, and the denial of that motion involved all of them. The timely appeal, taken by the plaintiff, was from the action of the court denying her request to open, as against all defendants, including the two defaulted nonappearing defendants. The two defendants, Martonik and Cavanaugh, have failed to defend the appeal with proper diligence. Because of their inaction in failing to appear in the trial court, they have deprived themselves of the ability to defend on appeal, a self-induced position for which the plaintiff should not be penalized.

While the plaintiff may have transgressed in failing to move for judgment on the defaults, under the particular circumstances of this case, that inaction should not prejudice her as against the nonappearing and defaulted defendants. A party is presumed to be aware of the rules of practice; *Jaconski* v. *AMF, Inc.*, 208 Conn. 230, 235, 543 A.2d 728 (1988); and, therefore, of the potential consequences of failing to comply with the requirements of filing an appearance.

---

[6] At the time of the denial of the plaintiff's motion to open, both appearing defendants were still in the case, and the defendant Budget Rent-A-Car of Westchester, Inc., had filed an objection both to the motion to open and to the motion to reargue the denial of the motion to open. The denial of the motion to open the judgment of dismissal rendered pursuant to § 251 acts as a disciplinary measure. *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 837, 628 A.2d 1311 (1993).

"Only when the defendant is defaulted for failure to appear for trial may judgment be rendered without notice to the defendant. Practice Book § 364 (a)." *Skyler Ltd. Partnership* v. *S. P. Douthett & Co.*, 18 Conn. App. 245, 250, 557 A.2d 927 (1989). Thus, we also conclude that notice of the appeal itself was not required to either nonappearing defaulted defendant, nor are those defendants deprived of appellate review. While the entry of a default for failure to appear does not constitute a final judgment from which an appeal may be taken; Practice Book § 4000; an appealable final judgment exists when the judgment is rendered on that default. *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 33, 82 A.2d 146 (1951).

The rules of practice will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work an injustice. *Snow* v. *Calise*, 174 Conn. 567, 574, 392 A.2d 440 (1978). Pursuant to Practice Book § 4055, we, therefore, sua sponte, set aside the judgment of dismissal as against the only remaining defendants, the nonappearing and defaulted parties, Martonik and Cavanaugh.[7]

The judgment of dismissal as to the defendants Martin W. Martonik and William Cavanaugh is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion LANDAU, J., concurred.

HENNESSY, J., dissenting. I agree with the majority in so far as it states that when a trial court is acting in the exercise of its discretion, an appellate court will not reverse that trial court's decision unless the trial court acted unreasonably and in clear abuse of its dis-

---

[7] We exercise our discretion in setting aside this judgment pursuant to Practice Book § 4055. See *Douglas* v. *Warden*, 218 Conn. 778, 787, 591 A.2d 399 (1991). We do not agree with the dissent that the nonappearing defendants are not "relevant parties to the appeal under consideration."

cretion. I also agree with the majority's assessment that the trial court neither acted unreasonably under the circumstances of this case nor abused its discretion in denying the plaintiff's motion to open. Unlike the majority, I would end my inquiry with that determination, and I would affirm the judgment of the trial court.

The subject of this appeal is the trial court's action in response to the inaction of the plaintiff. The nonappearing defendants are not relevant parties to the appeal under consideration. The issue on appeal is whether the trial court abused its discretion in denying the plaintiff's motion to reopen its judgment of dismissal for failure of the plaintiff to prosecute the case with due diligence. The defendants' failure to appear at trial or on appeal has no relevance to the substantive issue on appeal. Under these circumstances, Practice Book § 4055 is not applicable to the defendants. The failure to appear since the initiation of this suit has not interfered with the appellate process or the rights of the plaintiff in this matter.

For the foregoing reasons, I respectfully dissent.