MORTON F. REICH *v*. IRMA LANGHORST ET AL.
(14916)

Dupont, C. J., and Foti and Heiman, Js.

Argued December 2, 1996—officially released March 4, 1997

*John A. Stichter*, for the appellant (named defendant).

*Jennifer L. Janeiro*, with whom, on the brief, was *Charles J. Irving*, for the appellee (plaintiff).

FOTI, J. The defendant[1] appeals from the trial court's denial of her motion to open a default judgment rendered against her. The defendant claims that the trial court improperly (1) denied her motion as untimely and (2) abused its discretion in denying the motion on the ground that she had not demonstrated that she was prevented from presenting her defenses because of mistake, accident or other reasonable cause. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. This matter arose from a dispute involving a security deposit. The plaintiff, Morton F. Reich, filed a two count complaint against the defendants Irma Langhorst and her son Axel Langhorst, seeking the return of a $1000 security deposit and accrued interest, plus punitive damages pursuant to General Statutes (Rev. to 1995) § 47a-21 (d) (2).[2]

---

[1] Axel Langhorst, who is not a party to this appeal, was also a defendant. For purposes of this opinion, we will refer to Irma Langhorst as the defendant.

[2] General Statutes (Rev. to 1995) § 47a-21 (d) (2) provides: "Upon termination of a tenancy, any tenant may notify his landlord in writing of such tenant's forwarding address. Within thirty days after termination of a tenancy, each landlord other than a rent receiver shall deliver to the tenant or former tenant at such forwarding address either (A) the full amount of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section, or (B) the balance of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section after deduction for any damages suffered by such landlord by reason of such tenant's failure to comply with such tenant's obligations, together with a written statement itemizing the nature and amount of such damages. Any such landlord who violates any provision of this subsection shall be liable for twice the value of any security deposit paid by such tenant."

Thereafter, the defendant's son, who is not a licensed attorney in the state of Connecticut, attempted to file a pro se appearance on behalf of himself and his mother, as well as a joint pro se answer, special defenses and a counterclaim. The trial court granted the plaintiff's motion for default for failure to appear against the defendant Irma Langhorst.[3]

The defendant concedes that she received notice of this default and, thereafter, filed a pro se appearance with the court listing the following as her address: "c/o Eurotest Laboratories Ltd., Mathews Drive, P.O. Box 262, East Haddam, CT., 06423." The defendant did not, however, file any pleadings. On August 17, 1992, the plaintiff filed a motion for default against the defendant for failure to plead. This motion was improperly denied on August 18, 1992, on the basis of the mistaken belief that the defendant had a proper answer on file in the matter. On November 24, 1992, the court, realizing that an error had been made, sent notice to the parties informing them: "The track having expired in this case, the following orders are entered: Defendant Irma Langhorst is defaulted for failure to plead. The case is ordered placed on the non-jury trial list for assignment at a later date. Per order of the court, *Arena, J.*, 11/24/92."

Notice was then sent to the parties informing them that trial was scheduled to be held before an attorney trial referee. The trial was in fact held. Although the defendant's son appeared at trial, the defendant did not attend.

On September 29, 1994, the attorney referee's report was filed with the court. The report recommended that

---

[3] A nonattorney may not file an appearance on behalf of another individual, or represent that person in the form of a pleading or otherwise. General Statutes § 51-88 (d) (2); *Expressway Associates II* v. *Friendly Ice Cream Corp.*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).

judgment be rendered in favor of the plaintiff and against the defendant on both the first and second counts of the plaintiff's complaint. It recommended that judgment be rendered, however, in favor of the defendant's son on the plaintiff's complaint. It also recommended that judgment be rendered for the plaintiff on the defendant's son's counterclaim.

By letter also filed on September 20, 1994, the attorney referee informed the trial court that copies of her report had been provided "by way of U.S. mail to the plaintiff through his attorney and to the defendants at the address listed on their Appearance."

On October 11, 1994, the plaintiff filed a motion for judgment on the attorney referee's report that appeared on the short calendar of October 24, 1994. On that date, after reviewing the attorney referee's report on file, the trial court, *Stanley, J.*, granted the motion (record entry number 121). On October 27, 1994, notice was sent to the parties advising that the plaintiff's motion for judgment on the attorney referee's report had been granted on October 24, 1994.

On November 8, 1994, the plaintiff's motion for judgment on the attorney referee's report again appeared on the short calendar. Judge Stanley noted on the report itself the following: "Approved: Judgment per ATR Report. *Stanley, J.*, 11-8-94. See order at #121."

On or about January 26, 1995, Attorney John A. Stichter filed an appearance in lieu of the pro se defendant and, on March 2, 1995, filed a motion to open the default judgment against her. The trial court denied the defendant's motion to open the judgment, finding that it lacked jurisdiction because the defendant filed her motion beyond the four month period permitted by

General Statutes § 52-212 (a)[4] and Practice Book § 377.[5] The trial court also determined that, even if the defendant had filed a timely motion to open, it would have been denied because she failed to show that she was prevented from making her defense to the plaintiff's action because of mistake, accident or other reasonable cause. This appeal followed.

We first address the defendant's claim that the trial court incorrectly determined that it was without jurisdiction to act on her motion to open.

---

[1] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." The words "following the date on which [the decree] was rendered or passed" have been interpreted as meaning the date of notification of the decree. *Noethe* v. *Noethe*, 18 Conn. App. 589, 595–96, 559 A.2d 1149 (1989). This interpretation is consistent with the words "succeeding the date on which notice was sent" used in Practice Book § 377.

[5] Practice Book § 377 provides: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion.

"Any motion to open or set aside a dismissal pursuant to Sec. 251 shall be deemed to be granted from the date of filing without placement on the

A motion to open must be filed within four months of the date on which judgment was rendered. General Statutes § 52-212 (a); Practice Book § 377. We conclude on the record before us that judgment was rendered on October 24, 1994, the date on which the motion for judgment was granted. Notice of the judgment was sent on October 27, 1994. Therefore, the defendant's motion to open, filed March 2, 1995, was not filed within four months of the judgment. We conclude, therefore, that the trial court correctly determined that it lacked jurisdiction in denying that motion.

Practice Book § 442 provides in pertinent part: "After the expiration of two weeks from the filing of the report . . . either party may . . . claim the case for the short calendar for judgment on the report . . . ." "The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. . . ." Practice Book § 443.

The trial court may render judgment, as a matter of law, from the facts found by the attorney referee. *Burt's Spirit Shop, Inc.* v. *Ridgway*, 215 Conn. 355, 367, 576 A.2d 1267 (1990). Where the factual predicate is clearly set forth by proper factual findings and conclusions from those findings, the trial court should fulfill its function in rendering judgment. See *Dills* v. *Enfield*, 210 Conn. 705, 712, 557 A.2d 517 (1989).

The record is clear that the trial court, on October 24, 1994, granted the plaintiff's motion for judgment on the attorney referee's report that was docketed as entry number 121. No further action was required by the trial court. This same motion then came up on the short calendar on November 7. The trial court gratuitously

short calendar unless within fourteen days an objection is filed. The objection shall be placed on the short calendar.

"If the court opens a nonsuit entered pursuant to Sec. 363, the court as part of its order may extend the time for filing pleadings or disclosure."

noted, "Approved: Judgment per ATR Report, *Stanley, J.*, 11/8/94. See order at #121." Because the defendant's motion to open, filed March 2, 1994, was filed more than four months after the date that judgment was rendered, the trial court was without jurisdiction to hear it and, therefore, properly denied it.

The judgment is affirmed.

In this opinion the other judges concurred.