TOWN OF MONROE ET AL. *v.* RONALD R. RENZ ET AL.
(AC 15219)

O'Connell, Schaller and Langenbach, Js.

---

Argued February 20—officially released July 29, 1997

*Richard J. Buturla,* with whom, on the brief, were *Robert G. Skelton* and *Leonard A. Fasano,* for the appellants-appellees (defendants).

*Edward P. McCreery III,* for the appellees-appellants (plaintiffs).

*Opinion*

LANGENBACH, J. The defendants appeal from the judgment of the trial court permanently enjoining them from using a rock crusher and from blasting rock to supply the rock crusher in their sand and gravel operation at 201 Turkey Roost Road in the town of Monroe. On appeal, the defendants assert that the trial court improperly (1) determined that they were collaterally estopped from relitigating their defense that the blasting and rock crushing, although otherwise in violation of Monroe's zoning regulations, was a permissible expansion of a nonconforming use, (2) determined that their rock crushing operations were an illegal expansion of the nonconforming use and (3) granted a permanent injunction against the crushing and associated blasting activities. Moreover, the defendants claim (4) that, even if applicable, Monroe's zoning regulations are illegal as applied in this case.

The plaintiffs filed a cross appeal, claiming that the trial court improperly (1) set aside the award of attorney's fees to them, (2) failed to impose daily fines, (3) failed to enjoin all operations until the rock crusher was removed and (4) failed to order that the necessary information be provided to them to enable them to set the amount of the restoration bond.

The parties have shared a long journey through many proceedings before administrative agencies and state and federal trial courts. In 1973, the named defendant, Ronald Renz, purchased a 133 acre parcel of land located in a residential zone in Monroe. The property has been used continuously for sand and gravel excavation since the 1940s and its use as such constitutes a valid prior nonconforming use with respect to the subsequently enacted zoning regulations that established the area as a two acre residential zone.

From 1973 through 1987, the on-site excavation of naturally occurring deposits of sand and gravel remained essentially the same. By 1987, those deposits began to be depleted, and commercial demand for bank run gravel declined. The demand for crushed stone, however, increased. To compete for contracts to provide crushed stone, the defendants installed a rock crusher in 1988. The rock crushing operation consisted of two rock crushers that worked in tandem sending crushed materials down conveyor belts to two screens that sized the stones. Bucket loaders continuously fed blasted rock into the crushing plant. Blasting was conducted once a month to feed the crushing plant. Between blasts, drilling machines constantly drilled into rock formations in preparation for the next blast. Each blast required up to 200 holes fifty feet deep that were packed with up to 28,000 pounds of explosives. The blasting created sheer rock cliffs between sixty and 100 feet in height.

In response to that activity, the town issued a cease and desist order citing the defendants for, inter alia, failure to obtain an excavation permit, failure to post restoration bonds and "expansion of a nonconforming use in a residential zone due to the commencement of blasting and rock processing operations in violation of zoning regulations and the aforesaid 'Stipulated Rules,' " a reference to a 1982 judgment rendered upon a stipulation of the parties in a previous action. The defendants appealed the cease and desist order to the zoning board of appeals, which upheld the order, and then to the Superior Court, *Stodolink, J.*, which dismissed the appeal. The defendants then filed a petition for certification in this court, which was denied.

The defendants next applied to the planning and zoning commission (commission) for a permit for the rock crusher. After the application was denied and the appeal

dismissed by the trial court, *Sylvester, J.*, the plaintiffs filed a petition for certification, which was denied.

The defendants also applied to the commission for an excavation permit, which was granted with seventy-eight conditions. On appeal, the trial court, *McKeever, J.*, upheld most of the conditions. Again, a petition for certification to appeal was denied by this court.

Finally, the present action for a permanent injunction by the town was decided in its favor. That decision is the subject of this appeal.

The trial court concluded that the issues before it, i.e., whether the Monroe zoning regulations that prohibit the use of rock crushing equipment and regulate shapes, grading, drainage and restoration apply to this nonconforming use, were decided in the three previous cases involving the same parties and that the doctrines of res judicata and collateral estoppel bar the defendants from relitigating those issues. Additional facts will be set forth as relevant.

I

The defendants claim that the trial court improperly determined that they are collaterally estopped from relitigating their defense that the blasting and rock crushing, although otherwise in violation of Monroe's zoning regulations, was a permissible expansion of a nonconforming use.

"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; internal quotation marks omitted.)

*Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 296, 596 A.2d 414 (1991).

The defendants argue that the issues before the trial court were not fully litigated in the previous proceedings before Judges McKeever, Stodolink and Sylvester because following each of those proceedings this court denied petitions for certification, which constituted a denial of independent appellate review, the finality requirement to support a collateral estoppel preclusion. In making this claim, the defendants rely on *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 268–69, 659 A.2d 148 (1995), which adopted § 28 (1) of 1 Restatement (Second), Judgments (1982). That section provides: "Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded [where, inter alia] [t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action . . . ." *DeMilo & Co.* held that for collateral estoppel to preclude litigation of an issue there must be some avenue for review of the prior ruling on the issue. *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, supra, 268–69.

The defendants' reliance on the language of the restatement and the holding of *DeMilo & Co.* is misplaced. The defendants were not denied appellate review as a matter of law. There was an avenue for review of the three decisions relied on by the trial court. In each of them, a petition for certification was filed with this court and reviewed in light of the provisions of Practice Book § 4142 et seq. The fact that the petitions were denied is not the equivalent of preclusion as a matter of law. The conclusion of the trial court is in accord with comment (a) to § 28 (1) of 1 Restatement (Second), Judgments: "The exception in Subsection (1)

applies only when review is precluded as a matter of law. It does not apply in cases where review is available but is not sought. Nor does it apply when there is discretion in the reviewing court to grant or deny review and review is denied . . . ."

Because we conclude that the trial court correctly precluded the defendants from relitigating the issue of the applicability of the zoning regulations, and because the other issues raised in this appeal were not decided by the trial court, we do not address them. See *Brubeck* v. *Burns-Brubeck*, 42 Conn. App. 583, 588, 680 A.2d 327 (1996).

## II

In the cross appeal, the plaintiffs claim that the trial court improperly (1) set aside the plaintiffs' award of attorney's fees, (2) failed to impose daily fines against the defendants, (3) failed to enjoin all operations until the rock crusher was removed and other violations were corrected, and (4) failed to order that the defendants provide all information necessary to post a restoration bond.

## A

General Statutes § 8-12 provides in relevant part: "If the court renders judgment for such municipality and finds that the violation was wilful, the court shall allow such municipality its costs, together with reasonable attorney's fees to be taxed by the court. . . ." On August 27, 1990, the parties filed a proposed "order for temporary injunction by stipulation," which was entered as a temporary injunction on that date, by the court, *Thompson, J.* Several years later, in a memorandum of decision dated July 21, 1995, the trial court, *Levin, J.*, determined that the defendants had wilfully violated Monroe's zoning regulations. The court further

determined that it would be inequitable for the taxpayers to bear the expense of legally remedying the defendants' violations, and awarded attorney's fees of $25,000 to the plaintiff town.

The defendants filed a motion to open and reconsider the judgment based on the claim that, pursuant to the "order for temporary injunction by stipulation," the parties had agreed that the town would not pursue a request for a temporary injunction against the defendants to prohibit the use of the rock crusher and blasting alleged in the complaint, and that the defendants were temporarily enjoined from operating the rock crusher and from blasting at certain times. The plaintiffs would not enforce the cease and desist order until a final judgment was rendered in the defendants' appeal to the Superior Court from the decision of the zoning board of appeals upholding the issuance of that cease and desist order.

On September 14, 1995, on the basis of the earlier stipulation, the trial court, *Levin, J.*, held that "although it may be theoretically possible to hold that the defendants' activities prior to the entry of the temporary injunction constituted a wilful violation of the zoning regulations, in light of that temporary injunction, which allowed the defendants to continue their operations until the court rendered a final judgment, the court cannot reasonably find that the defendants' violation of the zoning regulations was wilful." Thus, the issue before this court is whether the trial court properly amended its earlier finding that the defendant's violation of the zoning regulations was wilful, and concluded that it was not wilful. We conclude that the trial court did properly amend its finding.

The judgment in question was rendered on July 21, 1995, and the motion to open was filed on July 28, 1995. The motion to open was filed, therefore, within the required four month period, and the court had the power to open the judgment. See General Statutes § 52-

212 (a); Practice Book § 326; *Reich* v. *Langhorst*, 44 Conn. App. 381, 689 A.2d 1134 (1997).

"Where a court has the power to open a judgment, its action represents the exercise of discretion. *Cichy* v. *Kostyk*, 143 Conn. 688, 697, 125 A.2d 483 (1956). We will not disturb that decision on appeal unless the court acted unreasonably and in clear abuse of its discretion. *Connecticut National Bank* v. *Oxenhandler*, 30 Conn. App. 541, 546, 621 A.2d 300 (1993) . . . ." (Citation omitted.) *Danise* v. *Budget Rent-A-Car of Westchester, Inc.*, 41 Conn. App. 297, 299, 675 A.2d 464 (1996). "What constitutes wilful misconduct is a question of fact. . . . Although the trial court might have found from the evidence that the conduct of the defendants [with respect to this violation of the zoning laws] was openly defiant of the zoning authorities, it was not required to do so. It is apparent that the trial court concluded that the violation was not wilful in that sense, but resulted from poor judgment on the part of the defendants." (Citation omitted.) *Planning & Zoning Commission* v. *Desrosier*, 15 Conn. App. 550, 560, 545 A.2d 597 (1988).

From our review of the record, we cannot conclude that the trial court acted unreasonably or that it abused its discretion in determining, on reconsideration, that, in light of the temporary injunction, the defendants' violation of the zoning regulations was not wilful. We, therefore, affirm the portion of the trial court's September 14, 1995 judgment by which it vacated its earlier award of attorney's fees.

B

The plaintiffs next claim that the trial court improperly failed to award daily fines pursuant to § 8-12. We disagree.

Section 8-12 provides in relevant part: "The owner . . . of any . . . premises where a violation of any provision of such regulations has been committed or exists

. . . shall be fined not less than ten nor more than one hundred dollars for each day that such violation continues . . . ." The trial court interpreted the language of § 8-12 as directory, that is, authorizing the trial court to exercise its discretion to impose daily fines. Accordingly, the court, in ruling on the claim for daily fines, stated that "[b]ecause of the court's other financial awards, a civil fine is not appropriate." The plaintiffs contend that, because the legislature used the word "shall" in § 8-12, the statute is mandatory in nature and that the court improperly declined to award daily fines. "[O]ur past decisions have indicated that the use of the word 'shall,' though significant, does not invariably create a mandatory duty. *Fidelity Trust Co.* v. *BVD Associates*, 196 Conn. 270, 278, 492 A.2d 180 (1985); *Tramontano* v. *Dilieto*, 192 Conn. 426, 433–34, 472 A.2d 768 (1984)." *Hall Manor Owner's Assn.* v. *West Haven*, 212 Conn. 147, 152, 561 A.2d 1373 (1989).

To determine whether a statute's provisions are mandatory, we have traditionally looked beyond the use of the word "shall" and examined the statute's essential purpose. Id. The essential purpose that § 8-12 is intended to further, namely, the deterrence of violations of the zoning ordinances, does not mandate that a trial court award daily fines, but rather vests discretion in a trial court to grant such fines under the appropriate circumstances. We agree that the language of § 8-12 authorizes the trial court to exercise its discretion in determining whether to award daily fines. See *Gelinas* v. *West Hartford*, 225 Conn. 575, 593, 626 A.2d 259 (1993) (trial court may impose such civil penalties pursuant to § 8-12 as it may deem appropriate in proper exercise of its discretion). We conclude, therefore, that the trial court properly exercised its discretion in not imposing daily fines.

C

The plaintiffs next claim that the trial court improperly failed to order the rock crusher removed.

"A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion." (Internal quotation marks omitted.) *Advest, Inc.* v. *Wachtel,* 235 Conn. 559, 562–63, 668 A.2d 367 (1995). As noted by the trial court, *Levin, J.,* in its July 21, 1995 memorandum of decision, and not amended by its September 14, 1995 decision, "[e]ven in an action brought by a zoning enforcement officer to require conformity with the zoning regulations, the granting of injunctive relief, which must be compatible with the equities of the case, rests within the trial court's sound discretion. *Dupuis* v. *Submarine Base Credit Union, Inc.,* [170 Conn. 344, 356, 365 A.2d 1093 (1976)]. Those equities should take into account the gravity and wilfulness of the violation, as well as the potential harm to the defendants. *Berin* v. *Olson,* 183 Conn. 337, 343, 439 A.2d 357 (1981).' *Johnson* v. *Murzyn,* [1 Conn. App. 176, 183, 469 A.2d 1227 (1984)]. 'The proof of violations does not . . . obligate the court mechanically to grant the requested injunction for every violation. [*Conservation Commission* v. *Price,* 193 Conn. 414, 430, 479 A.2d 187 (1984).]' *Gelinas* v. *West Hartford,* [supra, 225 Conn. 588]; see and compare *Crabtree* v. *Coyle,* 19 Conn. App. 208, 211, 561 A.2d 455 (1989)."

In their motion to reargue on the issue of a mandatory injunction requiring removal of the rock crusher from the defendants' premises, the plaintiffs' argument was solely: "The defendants' disdain of five court orders is reasonable concern to the plaintiffs that the defendants *may* continue to utilize the machinery which is prohibited under the zoning regulations. There is no legal justification for its presence." (Emphasis added.) The

plaintiffs did not allege any other harm requiring an order of removal. The trial court properly took note of the equities, including the "gravity and wilfulness of the violations" and the "potential harm to the defendants" before refusing to order the rock crusher removed. In ruling on this issue, the trial court stated: "While the defendants have . . . not been reluctant to relitigate issues previously settled, they have not previously violated an order of this court, nor may the court presume that they will do so. 'Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case . . . and likewise the power of equity to grant such relief may be exercised only under demanding circumstances. . . . The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. *Karls* v. *Alexandria Realty Corp.*, 179 Conn. 390, 402, 426 A.2d 784 (1980)." The court concluded that such harm was not demonstrated and refused to order the removal of the rock crusher.

Our review of the record and the trial court's opinion in this case leads us to conclude that the trial court neither incorrectly stated the law nor abused its discretion. The trial court properly declined to order the requested injunction.

### D

Finally, the plaintiffs claim that the trial court improperly failed to order that all work be halted at the site until the rock crusher was removed and other violations were corrected. The plaintiffs claim that they cannot, as recommended by the trial court, calculate a bond amount until a restoration plan is filed by the defendants. They further claim that the defendants have failed to comply with the terms of the permanent injunction.

In part II C of this opinion, we concluded that the portion of the court's judgment in which it declined to order an injunction requiring that the rock crusher be removed was proper. The plaintiffs were, however, entitled to require a restoration bond as a condition of the excavation permit pursuant to § 117-2111 of the Monroe town code. Moreover, the plaintiffs cannot obtain meaningful relief from the injury caused by the defendants' violation of the zoning regulations in the absence of restoration and have no practical means of "ensuring faithful performance" of the restoration without being able to set an amount for a restoration bond. See Monroe town code § 117-2111. We conclude that it was an abuse of the court's discretion not to order that the defendants provide to the plaintiffs in a timely manner the information they require to calculate an appropriate amount for the restoration bond.

Accordingly, the trial court's judgment with respect to the performance bond must be reversed and the case remanded for the trial court to order the defendants to provide the information required by the plaintiffs in a timely manner. We agree with the trial court's direction to the plaintiffs that they calculate the appropriate amount of the restoration bond and, should the defendants fail to provide the ordered information in a timely manner or ultimately fail to file a restoration bond in an amount satisfactory to the plaintiffs, that the plaintiffs at that time initiate further proceedings.

The judgment is reversed in part on the cross appeal and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.