[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #109
This action is an appeal from a decision of the Board of Tax Review. The defendant, City of Stamford, has filed a motion for summary judgment against the plaintiff, ZML Stamford Atlantic Forum Limited Partnership. The defendant argues that the plaintiff is collaterally estopped from contesting the value of the subject property because the value was established in judgments entered on August 4, 1989. The plaintiff has filed a memorandum in opposition to the motion.
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United TechnologiesCorp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant has the burden of demonstrating the absence of any genuine issue of material fact." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996).
"[I]ssue preclusion [collateral estoppel], prevents a party from relitigating an issue that has been determined in a prior suit." Mazziotti v. Allstate Ins. Company, 240 Conn. 799, 812,695 A.2d 1010 (1997). "[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." Id. "Furthermore, `[t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding.'" Id. "When parties to a lawsuit voluntarily enter into a stipulated judgment, such judgment is as conclusive as if it had been rendered upon controverted facts. . . ." Connecticut Water Co. v. Beausoleil,204 Conn. 38, 49, 526 A.2d 329 (1987). Although "[t]he terms of a stipulated judgment may not be extended beyond the agreement CT Page 2770 entered into. . . It is usually presumed. . . that the parties intended to settle all aspects of the controversy, including allissues raised by the papers comprising the record." (Emphasis in original.) Id., 49. The defendant argues that it should be granted summary judgment because a tax assessment has already been made, and a tax assessment runs with the land. The defendant further argues that a property, by its owner, has only one opportunity within a revaluation cycle to challenge its property assessment. The defendant, relying on Uniroyal, Inc. v. Board ofTax Review, 182 Conn. 619, 633-34, 438 A.2d 782 (1981), insists that the issue of valuation cannot be relitigated during the same revaluation cycle once a value has been set by the court.
The plaintiff responds, however, that it is "all but impossible to ascertain which issues were in fact considered and determined by the court" when the judgments were entered on August 4, 1989 because there was no substantive presentation or consideration of the factual issues concerning the value of the subject properties: 300 Atlantic Street or 4 and 6 Stamford Forum. The plaintiff argues, therefore, that collateral estoppel does not bar appeal of the assessments of the subject properties because the relevant issues have not yet been litigated.
"`For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It must also have been actually decided and the decision must have been necessary to the judgment.'" Town of Monroe v. Renz,46 Conn. App. 5, 9, 698 A.2d 328 (1997), quoting Aetna Casualty SuretyCo. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). An issue is "actually litigated" if it is "properly raised in the pleadings or otherwise, submitted for, determination, and in fact determined. . . ." Delahunty v. Massachusetts Mutual Life Ins.Co., 236 Conn. 582, 600, 674 A.2d 1290 (1996).
The court agrees with the plaintiff that the issue of value was not fully and fairly litigated in 1989 when the parties settled the appeal regarding the value of 300 Atlantic Street. The evidence submitted by the parties indicates that the court held a hearing on August 4, 1989 with respect to the value of 300 Atlantic Street. However, an issue arose as to whether the building was complete in 1988. The parties agreed to insert the term `substantially' before the word `complete' as it appears in the stipulation regarding the property located at 300 Atlantic Street. Instead, however, the parties inserted the word `substantially' before the word `complete' on page two of the CT Page 2771 stipulation regarding the Stamford Forum property.
Further, the affidavit of Peter Sebastian, the Commercial Appraiser in the Assessor's office of Stamford indicates that the parties agreed that the square foot value for the subsequent future tenant improvements was $18.67. At the hearing concerning 300 Atlantic Street, the existence of the alleged agreement was brought to the court's attention, but the substance of that agreement was never discussed before the court. As such, the judgment files are silent regarding the assessment and valuation of subsequent improvements.
The stipulated judgment does not contain sufficient information from which the agreed-upon fair market value can be ascertained. No evidence exists to indicate that a hearing was conducted concerning the assessment of the value of the Stamford Forum property. It is therefore impossible to determine whether the buildings on that property were complete when the parties stipulated to their value.
Recalling that summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Millerv. United Technologies Corp. , 233 Conn. 732, 751, 660 A.2d 810
(1995); and that "[t]he movant has the burden of demonstrating the absence of any genuine issue of material fact" Gupta v. NewBritain General Hospital, 239 Conn. 574, 583, 687 A.2d 111
(1996); there exists a genuine issue of material fact exists regarding the value of the subject properties and the use of the word `complete' in the stipulations dated August 4, 1989. The motion for summary judgment, therefore, is denied.
Mintz, J.