[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal under General Statutes § 8-8 filed by Naugatuck Savings Bank. The plaintiff appeals the decision of the Zoning Commission of the Borough of Naugatuck (Commission) granting an application for site plan approval on the grounds that the Commission acted arbitrarily, illegally and in abuse of its discretion.
In June 1998 Drelin Realty Co., Inc. submitted an application for site plan approval to the Commission in order to relocate an access driveway to the Mountview Shopping Center located at 695 Rubber Avenue, Naugatuck, Connecticut. (Appeal, ¶ 2; Answer ¶ 1.) The owner of the property, Drelin Realty Co, Inc., consented to the application. (Appeal ¶ 3; Answer ¶ 1.) The Commission approved the application on September 17, 1998. (Appeal ¶ 5; Answer ¶ 2.) Notice was published in theNaugatuck Daily News on September 23, 1998.
General Statutes § 8-8 governs appeals taken from zoning CT Page 13114 board decisions to the Superior Court. "Appeals to courts from administrative agencies exist only under statutory authority. . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . ." (Citations omitted.) Office of Consumer Counselv. Dept. of Public Utility Control, 234 Conn. 624, 640,662 A.2d 1251 (1995).
"To appeal an administrative decision, the plaintiff must be aggrieved by the decision. . . . In the case of a decision by a zoning commission . . . aggrieved person includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board. . . ." (Citations omitted; internal quotation marks omitted.) Northeast Parking v. Planning Zoning Commission ofWindsor Locks, 47 Conn. App. 284, 287, 703 A.2d 797 (1997).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal. . . ." (Citations omitted.) Jolly, Inc. v.Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). In the present case, the plaintiff alleges ownership "of property abutting the applicant's property and [claims that it] is an aggrieved person within the meaning of Section 8-8. (Appeal, ¶ 7.) As an abutting property owner, the plaintiff is automatically aggrieved. Jolly, Inc. v. Zoning Board of Appeals,
supra, 237 Conn. 189.
The plaintiff in this appeal, Naugatuck Savings Bank, is an abutting landowner and claims it is statutorily aggrieved. (Appeal ¶ 7.)
General Statutes § 8-8 provides the time within which an appeal must be commenced. An "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." "[Q]ualified persons may appeal the decision of a zoning board of appeals within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be." BridgeportBowl-O-Rama, Inc. v. Zoning Board, 195 Conn. 276, 280,487 A.2d 559 (1985). Subsection (e) provides that service must be CT Page 13115 made upon the chairman or clerk of the board, and upon the clerk of the municipality. General Statutes § 8-8 (e).
In the present case, the Commission approved the application on September 17, 1998. (Appeal ¶ 5; Answer ¶ 2.) Notice was published in the Naugatuck Daily News on September 23, 1998. (Appeal ¶ 6, Answer ¶ 6.) On October 5, 1998, the plaintiff served Drelin Realty Co. (Sheriff's Return.) The remaining parties, Mountview Plaza Associates, the clerk for the Borough of Naugatuck, and the chairman of the Commission, were served on October 7, 1998. (Sheriff's Return.) Thus, the appeal was timely commenced under General Statutes § 8-8.
"Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Citation omitted; internal quotation marks omitted.) Raczkowski v. Zoning Commission,53 Conn. App. 636, 640, ___ A.2d ___ (1999). Superior Court review of zoning commission decisions is limited to whether the commission acted arbitrarily, illegally, or unreasonably. WNUK v.Zoning Board of Appeals, 225 Conn. 691, 695, 626 A.2d 698 (1993).
General Statutes § 8-3 (g) provides that "[a] site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations." The section further provides that if the application is denied the commission must state the reasons for the denial. See General Statutes § 8-3 (g). The question for the reviewing court is whether "the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations. . . . While the court may not substitute its judgment for that of the commission, if it concludes that any one of several reasons . . . is reasonably supported by the record, then the commission's actions must stand. . . ." (Citation omitted; internal quotation marks omitted.) Friedman v. Planning Zoning Commission,222 Conn. 262, 268, 608 A.2d 1178 (1992).
"A site plan is a plan filed with a zoning commission or other municipal agency or official to determine the conformity a proposed building, use or structure with specific provisions of the zoning regulations. It is a physical plan showing the layout and design of a proposed, use, including structures, parking CT Page 13116 areas and open space and their relation to adjacent uses and roads, and containing the information required by the zoning regulations for that use. The agency has no independent discretion beyond determining whether the plan complies with the site plan regulations and applicable zoning regulations incorporated by reference. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the regulations. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Resources Recovery Authority v.Planning Zoning Commission, 46 Conn. App. 566, 570,709 A.2d 67, cert. denied, 243 Conn. 935, 702 A.2d 640 (1997). "In reviewing and approving site plans the commission acts in an administrative capacity. . . ." Norwich v. Norwalk Wilbert VaultCo., 208 Conn. 1, 12, 544 A.2d 152 (1988); see also Carr v.Bridgewater, 224 Conn. 44, 54, 616 A.2d 257 (1992).
The plaintiff alleges that the Commission acted arbitrarily, illegally and in abuse of its discretion when it approved the application for site plan approval because, it alleges, the site plan "did not conform to the zoning regulations" and was "missing data reasonably necessary to determine whether the approval complied with the provisions of the General Statutes regarding site plan approvals." (Appeal ¶ 8.) In its brief, the plaintiff argues that "the site plan submitted by the defendant Drelin Realty did not comply with Section 31.2.6.b of the Zoning Regulations of the Borough of Naugatuck because the elevation or grade change exceeded two (2) feet within (10) feet of the boundary with a neighboring property, the plaintiff Naugatuck Savings Bank." (Plaintiff's Brief, p. 3.)
The defendant argues that the zoning enforcement officer informed the Commission that the application fully complied with all the zoning regulations; (Defendant's Brief, p. 7); that the language of the regulation at issue is directory rather than mandatory; (Defendant's Brief, pp. 10-13); and that the Commission was endowed with the ability to construe the regulations as applied to the facts of the application. (Defendant's Brief, p. 16.)
The court finds that the defendant's position regarding the directory language of the regulation is correct. The regulation at issue, 31.2.6(b) states in pertinent part, "exemptions from the special exemption requirement `shall not adversely affect adjacent property' and that `changes in elevation within ten feet of the property line shall not exceed two (2) feet.'" CT Page 13117 (Defendant's Brief, p. 10; see also Plaintiff's Brief, p. 2.) The word "shall" has been interpreted as directory, rather than mandatory. "Our past decisions have indicated that the use of the word `shall,' though significant, does not invariably create a mandatory duty. . . ." (Citations omitted; internal quotation marks omitted.) Town of Monroe v. Renz, 46 Conn. App. 5, 14,698 A.2d 328 (1997); see also Metropolitan District Commission v.AFSCME, 237 Conn. 114, 120, 676 A.2d 825 (1996).
The court further finds that the decision of the Commission is reasonably supported by the record. The Record shows that the application met "the requirements of zoning. (Return of Record "ROR" Exh. D-19, p. 2.) One Commissioner stated that "the applicant met all items of [the] site plan review." (ROR Exh. B, p. A12.) At one of the meetings Commissioner Filappone made a motion to approve the application because "it appears that all the information is here and there doesn't seem to be anything significant . . . any significant objections . . ." (ROR Exh. C, p. 30.) The Chairman stated the role of the Commission: "What we are charged with doing here is making a decision on these prints that are submitted to us . . . and basing our decision on that and the [regulations]." (ROR Exh. C, p. 22.)
The Record also shows that the Commission considered a soil erosion plan and piping for Mountview plaza, which included "the stipulation that 100 ft. of silt fence be added to inhibit improper work access from Rubber Avenue." (ROR Exh. C, p. 2.) Commissioner Filappone suggested that the Commission "approve the site plan . . . application . . . and that we incorporate in our approval that the town engineer recommendation for the catchbasin and additional piping and the silt fence be incorporated into that. . . . I think we should approve this plan tonight." (ROR Exh. C, p. 36.) The Commission then voted to approve the application.
The motion for approval incorporates changes involving a silt fence. The Commission "[v]oted 3-0-1 on a motion . . . to APPROVE the site plan from Drelin Realty for a new entrance (bridge) to be at 695 Rubber Avenue as the applicant had addressed the items in site plan and had offered to increase the silt fence and the piping as recommended by the [sic] Pustola (acting borough engineer)." (ROR Exh. D-19, p. 2.) Thus, the Commission found that the application met the requirements for site plans under the regulations and that the application was worthy of approval provided the silt fence and piping were addressed. There is no CT Page 13118 evidence in the record that the actions of the Commission were illegal, arbitrary or in abuse of its discretion.
For the aforementioned reasons, the plaintiff's appeal is denied.
JOHN R. CARUSO, J.