AMERIQUEST MORTGAGE COMPANY *v.*
KEVIN J. LAX ET AL.
(AC 29058)

McLachlan, Gruendel and West, Js.

Argued January 5—officially released April 14, 2009

*Jenna N. Sternberg*, with whom, on the brief, was *Patrick W. Boatman*, for the appellants (named defendant et al.).

*George C. Springer, Jr.*, with whom were *Patrick M. Birney*, and, on the brief, *Brenda M. Hamilton*, for the appellee (substitute plaintiff).

*Opinion*

WEST, J. In this foreclosure action, the defendants Kevin J. Lax and Deborah L. Lax[1] appeal from the trial

---

[1] Although other subsequent encumbrancers were named as defendants, they are not parties to this appeal. We therefore refer to the Kevin J. Lax and Deborah L. Lax as the defendants.

court's partial judgment rendered against them after the court granted the motion filed by the substitute plaintiff, Deutsche Bank National Trust Company (Deutsche Bank), to strike their counterclaim. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are necessary to our resolution of the defendants' appeal. On November 16, 2004, the defendants, owners of real property located at 65 Partridge Landing in Glastonbury, mortgaged the property to Ameriquest Mortgage Company (Ameriquest). On August 7, 2006, Ameriquest filed a complaint against the defendants, seeking a foreclosure of the mortgage, possession of the property, a deficiency judgment, appointment of a receiver of rents, attorney's fees, costs and interest. On October 2, 2006, Ameriquest filed a motion to substitute Deutsche Bank as the plaintiff pursuant to Practice Book § 9-20,[2] asserting that the note and mortgage were assigned to Deutsche Bank. The defendants did not object to the motion, which the court granted on October 16, 2006.

On November 15, 2006, the defendants filed an answer, special defense and counterclaim. In their counterclaim, the defendants alleged that "[b]y providing an improper [n]otice of [r]ight to [c]ancel to the [defendants], Ameriquest . . . has violated the [f]ederal Truth in Lending Act, 15 U.S.C. § 1601 et seq." The defendants sought "rescission of the refinance transaction between Ameriquest . . . and [the defendants]," and the return of finance and other charges paid on the loan, as well as costs and attorney's fees pursuant to the Truth in Lending Act. On March 16, 2007, Deutsche

---

[2] Practice Book § 9-20 provides: "When any action has been commenced in the name of the wrong person as plaintiff, the judicial authority may, if satisfied that it was so commenced through mistake and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff."

Bank filed a motion to strike the defendants' counterclaim.[3] On April 11, 2007, by memorandum of decision, the court struck the defendants' counterclaim. Subsequently, upon the motion by the defendants, the court rendered judgment on the stricken counterclaim. This appeal timely followed.

As a preliminary matter, we set forth the applicable standard of review. "The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, 109 Conn. App. 125, 128–29, 952 A.2d 56 (2008).

Practice Book § 10-10 provides that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ." Furthermore, "[a] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and *on which the defendant might have secured affirmative relief had he sued the plaintiff* in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Emphasis added; internal quotation marks omitted.) *JP Morgan Chase Bank, Trustee* v. *Rodrigues*,

---

[3] Deutsche Bank had, on January 9, 2007, filed a request to revise the defendants' counterclaim pursuant to Practice Book § 10-35 et seq. The court sustained the defendants' objection to the request on February 20, 2007.

supra, 109 Conn. App. 131. Pursuant to Practice Book § 10-39 (a) (5), when a party seeks to contest the "legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, the party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] *to state a claim upon which relief can be granted.*" (Emphasis added; internal quotation marks omitted.) *Peter-Michael, Inc.* v. *Sea Shell Associates*, 244 Conn. 269, 270, 709 A.2d 558 (1998). We also note that "[a] counterclaim is an independent action." *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, 81 Conn. App. 419, 428, 840 A.2d 578, cert. denied, 268 Conn. 922, 846 A.2d 881 (2004); see also Practice Book §§ 10-10, 10-54 and 10-55.

Here, the defendants filed the counterclaim *after* the court granted the unopposed motion to substitute Deutsche Bank for Ameriquest as the plaintiff. In the counterclaim, the defendants alleged no wrongdoing or made any claim against Deutsche Bank. Their allegations were directed solely at Ameriquest. Under these circumstances, we cannot say that the defendants' counterclaim, construed in a manner most favorable to sustaining its legal sufficiency, was an independent action existing in favor of the defendants against Deutsche Bank and on which the defendants might have secured affirmative relief had they sued Deutsche Bank. See *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, supra, 109 Conn. App. 131; or, as such, that it stated a claim on which relief could be granted. The defendants, in their counterclaim, simply made no claim against Deutsche Bank.

The judgment is affirmed.

In this opinion the other judges concurred.