DAVID GREENFIELD *v.* SUSAN REYNOLDS,
ZONING ENFORCEMENT OFFICER OF
THE TOWN OF WESTPORT
(AC 30914)

Flynn, C. J., and Harper and Alvord, Js.*

Argued January 19—officially released July 13, 2010

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Carmine Perri*, for the appellant (plaintiff).

*Kari L. Olson*, with whom, on the brief, was *Michael A. Zizka*, for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, David Greenfield, appeals from the judgment of the trial court rendered in favor of the defendant, Susan Reynolds, zoning enforcement officer for the town of Westport, following the court's granting of the defendant's motion to strike the plaintiff's complaint. On appeal, the plaintiff claims that the court improperly determined that his complaint failed to allege facts necessary to establish the elements for the issuance of a writ of mandamus. We affirm the judgment of the trial court.

The plaintiff filed an amended complaint on June 6, 2008. "In an appeal from a judgment following the granting of a motion to strike, we must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." *Waters* v. *Autuori*, 236 Conn. 820, 822, 676 A.2d 357 (1996). Accordingly, we take as true the following facts alleged in the plaintiff's amended complaint. The plaintiff is the owner of property adjacent to property owned by Carter Wiseman and Eileen Wiseman. At some point, the Wisemans applied to the zoning board of appeals of the town of

Westport (board) for a variance to permit the legalization of a residential dwelling unit above a detached garage on their property. The board granted the Wisemans' application. The plaintiff appealed from the board's decision to the Superior Court. The court, *Hon. Howard T. Owens, Jr.*, judge trial referee, sustained the plaintiff's appeal. The court found that the board "could not reasonably conclude that the Wisemans' garage apartment constituted a nonconforming use or a hardship" and that "the garage apartment does not qualify as a permitted use under the zoning regulations."

After the appeal was sustained, the plaintiff contacted the Westport planning and zoning office repeatedly to demand enforcement of the judgment. The Wisemans, however, filed a new application for approval on January 23, 2007. The following week, counsel for the plaintiff was advised by the director of planning and zoning for Westport that it was the practice of the planning and zoning office not to pursue an enforcement action if an applicant shows progress toward legalizing the nonconforming condition. Subsequent to this, the Wisemans withdrew their January 23 application. On February 6, 2007, the defendant notified the Wisemans that their previous zoning permit and zoning certificate of compliance for the garage apartment had been revoked. The defendant ordered the Wisemans to convert the garage apartment into a first floor garage with an attic area in order to conform with zoning regulations. Further, the defendant advised the Wisemans that they needed to contact her office to have the property inspected. As of the date that the plaintiff filed his complaint, the Wisemans' property had not been inspected, and no further action had been taken by either the defendant or the town of Westport to enforce its zoning regulations.

In his prayer for relief, the plaintiff requested the issuance of a writ of mandamus ordering the defendant

(1) to issue a cease and desist order requiring compliance with the Westport zoning regulations, (2) to record the cease and desist order in the Wesport land records, (3) to "refer the violations of the nonconforming garage apartment . . . to the Westport [t]own [a]ttorney's office for the filing of a civil action to enforce the cease and desist order," and (4) to issue fines to the Wisemans for their violation of the Westport zoning regulations. On July 15, 2008, the defendant filed a motion to strike the amended complaint in its entirety. The defendant claimed that she had "no mandatory duty to take the enforcement action against a third party that [the] plaintiff seeks. Moreover, [the] plaintiff has no right to compel the [defendant] to take such action and the plaintiff has other adequate remedies at law." On November 18, 2008, the court, *Bellis, J.*, granted the defendant's motion to strike. The plaintiff did not file a substitute pleading, and on December 9, 2008, the defendant filed a motion for judgment. On March 19, 2009, the court, *Hiller, J.*, rendered judgment in favor of the defendant. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion to strike. Specifically, the plaintiff claims that the court improperly concluded that he "failed to allege facts necessary to establish any of the required elements for the issuance of a writ of mandamus." We disagree.

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency."

(Internal quotation marks omitted.) *Ameriquest Mortgage Co.* v. *Lax*, 113 Conn. App. 646, 649, 969 A.2d 177, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009).

Our task, therefore, is clear. We must examine whether the plaintiff has alleged facts that would sustain a claim for a writ of mandamus. "Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Internal quotation marks omitted.) *Miles* v. *Foley*, 253 Conn. 381, 391, 752 A.2d 503 (2000).

The plaintiff first argues that the court improperly determined that the enforcement of zoning regulations is discretionary, rather than mandatory, in nature. As a result, the plaintiff claims that the court improperly found that he did not allege facts that would sustain the first prong of the three-pronged test for mandamus. We disagree.

Our Supreme Court has held that "[i]t is axiomatic that [t]he duty [that a writ of mandamus] compels must be a ministerial one; the writ will not lie to compel the performance of a duty which is discretionary. . . . Consequently, a writ of mandamus will lie only to direct performance of a ministerial act which requires no exercise of a public officer's judgment or discretion. . . .

Furthermore, where a public officer acts within the scope of delegated authority and honestly exercises her judgment in performing her function, mandamus is not available to review the action or to compel a different course of action. . . . Discretion is determined from the nature of the act or thing to be done rather than from the character of the office of the one against whom the writ is directed." (Citations omitted; internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Sewer Commission*, 270 Conn. 409, 422, 853 A.2d 497 (2004). "Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citation omitted.) *Lombard* v. *Edward J. Peters, Jr., P.C.*, 252 Conn. 623, 628, 749 A.2d 630 (2000).

The essential purpose of General Statutes § 8-12 is to further "the deterrence of violations of the zoning ordinances." *Monroe* v. *Renz*, 46 Conn. App. 5, 14, 698 A.2d 328 (1997). To that end, "§ 8-12 was enacted to provide local zoning enforcement officers with a means of enforcing their regulations . . . ." *Fisette* v. *DePietro*, 28 Conn. App. 379, 387, 611 A.2d 417 (1992); accord *Stamford* v. *Stephenson*, 78 Conn. App. 818, 826, 829 A.2d 26 (purpose of § 8-12 is to provide means to enforce zoning regulations and to prevent unlawful use of buildings), cert. denied, 266 Conn. 915, 833 A.2d 466 (2003). Section 8-12 provides in relevant part: "If any building or structure has been erected, constructed, altered, converted or maintained, or any building, structure or land has been used, in violation of any provision of this chapter or of any bylaw, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction, in addition to other remedies, *may* institute an action or proceeding to prevent such unlawful erection, construction, alteration, conversion, maintenance or use or to restrain, correct or abate such

violation or to prevent the occupancy of such building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises. Such regulations *shall* be enforced by the officer or official board or authority designated therein . . . ." (Emphasis added.)

The plaintiff asserts that § 8-12 mandates that the defendant enforce zoning regulations. The plaintiff's argument focuses in large part on the portion of § 8-12 which provides that zoning regulations "*shall* be enforced by the officer or official board or authority designated therein . . . ." (Emphasis added.) Specifically, the plaintiff argues that the word "shall" ordinarily is construed as mandatory and that this portion of the statute "commands the zoning enforcement officer to enforce the zoning regulations." We are not persuaded.

The plaintiff's argument requires us to interpret § 8-12. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Booker* v. *Jarjura*, 120 Conn. App. 1, 8–9, 990 A.2d 894 (2010).

In the present case, it is clear that the word "shall" simply establishes *who* has the discretion to enforce zoning regulations. Moreover, it is clear that the power to enforce zoning regulations conferred by § 8-12 on

town officials is discretionary. As the court aptly noted in its decision, our Supreme Court, in discussing the difference between a ministerial and discretionary act, has held that "[g]overnmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) *Heigl* v. *Board of Education*, 218 Conn. 1, 5, 587 A.2d 423 (1991). Section 8-12 simply provides a means by which authorized parties may enforce zoning regulations. It does not provide a rigid, "prescribed manner" by which the authorized "officer or official board or authority designated therein" must enforce zoning regulations. Indeed, § 8-12 provides several remedies that are available to a zoning enforcement officer when confronted with a violation of zoning regulations. These remedies include, inter alia, "institut[ing] an action or proceeding to prevent" the proscribed activity, issuing orders in writing to remedy conditions found to be in violation of zoning regulations, and requesting a court to levy statutory fines and penalties. Additionally, because zoning regulations exist for the direct benefit of the public,[1] it logically follows that actions taken to enforce zoning regulations are done for the direct benefit of the public as well. In sum, we conclude that the specific relief sought by the plaintiff, namely, the enforcement of zoning regulations, being an act that is to be performed wholly for the "direct benefit of the

[1] General Statutes § 8-2, which authorizes each city, town or borough to create zoning regulations, provides in relevant part: "Such regulations shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. . . ."

public" and not in a "prescribed manner without the exercise of judgment or discretion as to the propriety of the action"; (internal quotation marks omitted) *Heigl* v. *Board of Education*, supra, 5; is a discretionary and not ministerial act and, therefore, not amenable to mandamus relief.

The plaintiff has failed to allege facts that would satisfy the first prong of the test for the issuance of a writ of mandamus. Because a writ of mandamus is appropriate only when *all* three prongs of the test have been satisfied, the plaintiff's failure to satisfy any one of them is dispositive of his claim. See *Nielsen* v. *Kezer*, 232 Conn. 65, 88 n.31, 652 A.2d 1013 (1995).

The judgment is affirmed.

In this opinion the other judges concurred.