ANTHONY R. DELGOBBO ET AL. *v.* TOWN OF
WATERTOWN ET AL.
(AC 34347)

Bear, Sheldon and Harper, Js.

Argued March 19—officially released June 25, 2013

*William J. Ward*, for the appellants (plaintiffs).

*William L. Stevens*, for the appellees (defendants).

*Opinion*

BEAR, J. The plaintiffs, Anthony R. DelGobbo and Helen DelGobbo, appeal from the judgment of the trial court rendered in favor of the defendants, the town of Watertown (town), and several of its employees and officials,[1] in this action in which the plaintiffs sought a

---

[1] Specifically, the plaintiffs named in their complaint: Ruth Mulcahy, who was alleged to be the administrator of land use for the town; Moosa Rafey, who was alleged to be the assistant planning and zoning enforcement officer for the town; Roy Cavanaugh, who was alleged to be the director of public works for the town; Charles Berger, who also was alleged to be the director of public works for the town; Charles Frigon, who was alleged to be the town manager of the town; Gary Martin, Michael Masayda, Carl Mancini, Ronald Russ, David Minnich, Jim Blais, Glen Duplissie, Ray Rondeau, Ken Demirs, and Duane George, who were alleged to be members of the planning and zoning commission of the town; and Elaine Adams, Raymond Primini, Gary Bernier, David Demirs, Richard DiFederico, Richard Fusco, Carl Mancini, Thomas Winn and Paul Rinaldi, who were alleged to be members of the Watertown town council.

We note that the plaintiffs named Carl Mancini as a defendant in his capacities as a member of the town council and as a member of the planning and zoning commission.

Although Michael Masayda was named as a defendant and properly was served, his name does not appear on the Superior Court case detail sheet,

writ of mandamus. We conclude that the plaintiffs have failed to demonstrate that the court abused its discretion in denying their request for a writ of mandamus. Accordingly, we affirm the judgment of the trial court.

The relevant facts and procedural history, which are uncontested, were set forth by the trial court: "This action, commenced as a [petition for a] writ of mandamus, arises out of the widening of Guernseytown Road in Watertown . . . (the [t]own), an event [that] necessitated the reconstruction of the plaintiffs' driveway by the [t]own. The plaintiffs aver that the defendants violated the town zoning regulations in the reconstruction of their driveway and that they are entitled to have those regulations enforced. They seek an order requiring the town to enforce its zoning regulations, essentially against itself, so that their driveway will be reconstructed in such a fashion as to bring it into compliance with existing zoning regulations." The court also explained that the plaintiffs later amended their claim for relief to request that "the court order the zoning enforcement officer to inspect and determine whether the existing driveway is in violation of the zoning ordinances, in contrast to an order that the [t]own reconstruct the driveway so as to bring it into compliance with the current zoning regulations."

The court held an evidentiary hearing on December 6, 2011, briefs were submitted on December 23, 2011,

nor did the court specifically mention him by name in its memorandum of decision, rendering judgment "in favor of all defendants . . . ." We conclude that these omissions were scrivener's errors that do not affect the outcome of the case or this appeal. It is clear that the court rendered judgment in favor of all the defendants.

Additionally, we note that the court found that the plaintiffs had introduced no evidence that any of these defendants, with the exception of the town and Ruth Mulcahy, who the evidence demonstrated had actual zoning enforcement duties, had any duty to act with respect to the plaintiffs' driveway, and that judgment should enter in their favor on that basis. This ruling is not challenged on appeal.

and additional argument was heard on January 30, 2012. The court issued its memorandum of decision on February 6, 2012, denying the plaintiffs' mandamus request and rendering judgment in favor of all defendants. This appeal followed.

On appeal, the plaintiffs claim in relevant part that the court improperly denied their request for a writ of mandamus to require the zoning enforcement officer to inspect and to determine whether the plaintiffs' driveway was in violation of the town's zoning ordinances. We are not persuaded.

We begin by setting forth the applicable law and standard of review. "In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. . . . In determining whether the trial court abused its discretion, [an appellate] court must make every reasonable presumption in favor of its action. . . . Nevertheless, [an appellate] court will overturn a lower court's judgment if it has committed a clear error or if it has misconceived the law." (Internal quotation marks omitted.) *Garcia* v. *Hartford*, 135 Conn. App. 248, 255, 42 A.3d 429 (2012).

"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other

specific adequate remedy." (Internal quotation marks omitted.) *Greenfield* v. *Reynolds*, 122 Conn. App. 465, 469, 1 A.3d 125, cert. denied, 298 Conn. 922, 4 A.3d 1226 (2010).

The plaintiffs argue that the court improperly relied on *Greenfield* in concluding that the actions or inactions of the zoning enforcement officer were discretionary and that, therefore, they could not establish the first element necessary for the issuance of a writ of mandamus. Specifically, they argue: "In *Greenfield*, the plaintiff was attempting to tell the zoning enforcement officer the manner in which to do his job. Specifically, the plaintiff wanted the zoning enforcement office[r] to issue a cease and desist [order], start a civil action, hire an attorney [and] fine the neighbor. Clearly, these are all discretionary acts not subject to a writ of mandamus. In this case, the [plaintiffs] were not telling the zoning enforcement officer how to do her job, *they were simply asking her to do her job in any manner she saw fit.* Instead, the zoning enforcement office[r] did not do her job. She did not inspect the driveway. She did not enforce the regulations at all. In fact, she never even saw the subject driveway." (Emphasis added.) The defendants argue in relevant part that the plaintiffs admit that they never complained to the zoning enforcement officer prior to filing this action and, furthermore, that the zoning enforcement officer's power to enforce zoning regulations is discretionary, thereby making an action for mandamus improper in this case.

In *Greenfield*, the plaintiff had requested the issuance of a writ of mandamus ordering the zoning enforcement officer, inter alia, to issue a cease and desist order to the plaintiff's neighbor. *Greenfield* v. *Reynolds*, supra, 122 Conn. App. 467–68. In response to the plaintiff's complaint, the zoning enforcement officer filed a motion to strike the plaintiff's complaint on the ground

that the plaintiff had not alleged any of the elements required for the issuance of a writ of mandamus. Id., 468. The trial court granted the motion to strike, and the plaintiff appealed. Id., 466. On appeal, this court affirmed the judgment of the trial court, holding that the enforcement of zoning regulations, which, logically, is "done for the direct benefit of the public," is a discretionary act, "not amenable to mandamus relief." Id., 472–73.

In the present case, the plaintiffs argue in part that *Greenfield* is distinguishable because the plaintiff in that case was seeking to have the court order the zoning enforcement officer to take specific action, rather than merely order him to perform his job. They argue that in the present case, after they amended their claim for relief, they were asking the court to issue a writ of mandamus that required the zoning enforcement officer to perform her job and honestly exercise her judgment by inspecting the driveway to ensure that it was in compliance with the zoning regulations.[2] Essentially, the plaintiffs are arguing that, although the method employed or the decisions made by the zoning enforcement officer in performing her duties may be discretionary, it is not discretionary that she perform her job; the duty to perform her job is a ministerial one. For that argument to withstand scrutiny in this case, however, the plaintiffs needed to establish that the zoning enforcement officer had a mandatory duty to inspect the plaintiffs' driveway, even in the absence of any prior request from them, to ensure that it complied with the zoning regulations; see, e.g., R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 39:1, p. 406 ("[i]f a public official or public

---

[2] Despite this argument, we note that the plaintiffs' requested relief on appeal is that we "reverse the holding of the trial court and remand this matter with instructions to issue a mandamus compelling the [defendants] to reconstruct the plaintiff[s'] driveway so that it complies with their own regulations."

agency had a [ministerial] duty to perform a particular act and fail[ed] in the discharge of that duty, a writ of mandamus is the proper remedy for compelling performance of the act"); and that the trial court abused its discretion in denying their request for a writ of mandamus. Under the facts presented here, we are not persuaded that the plaintiffs met their burden.

When assessing the plaintiffs' argument in its memorandum of decision, the trial court explained that it did not "see a distinction between the decision to inspect and opine and the decision to enforce . . . . Both are actions of the zoning enforcement officer which are left to her sound discretion and judgment. As such, the mandate of *Greenfield* would be equally applicable and a writ of mandamus for that purpose would not be appropriate." The court also held that "[t]o issue a writ of mandamus against a zoning officer who was never asked, in the first instance, to assess a situation would be inequitable and would set an unwarranted and unwanted precedent."

Although the plaintiffs argue that the court erred in concluding that the actions or inactions of the zoning enforcement officer were discretionary and further erred in concluding that this case is controlled by *Greenfield*, the plaintiffs fail to set forth any law that supports their argument that the zoning enforcement officer had a mandatory duty to inspect and to opine on whether the driveway was in compliance with the zoning regulations. Additionally, the plaintiffs admit that they requested a writ of mandamus without first having asked the zoning enforcement officer to inspect the driveway. They assert that the zoning enforcement officer was put on notice that there was a problem requiring that she inspect the driveway for compliance by virtue of this very action, which was filed before the town actually reconstructed the driveway. The plaintiffs make no argument, however, concerning the court's

exercise of discretion in declining to issue a writ of mandamus, nor do they address the court's holding that, in this case, it would be inequitable to issue such a writ when the zoning enforcement officer was never asked by the plaintiffs to inspect the driveway. Our law is quite clear: "Even where the three part test for mandamus is met, it does not automatically compel the issuance of the requested writ of mandamus, and the trial court exercises its discretion based upon the principles of equity." R. Fuller, supra, § 39:1, p. 408; see *Garcia* v. *Hartford*, supra, 135 Conn. App. 255 ("the trial court exercises discretion rooted in the principles of equity" [internal quotation marks omitted]). On the basis of our review of the applicable facts and law, we conclude that the plaintiffs have failed to demonstrate that the court abused its discretion in denying their request for a writ of mandamus.

The judgment is affirmed.

In this opinion the other judges concurred.