******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TIMOTHY T. FOLSOM ET AL. *v.* ZONING BOARD
OF APPEALS OF THE CITY
OF MILFORD ET AL.
(AC 36390)

DiPentima, C. J., and Gruendel and Lavery, Js.

*Argued May 13—officially released September 22, 2015*

(Appeal from Superior Court, judicial district of
Ansonia-Milford, Hon. Arthur A. Hiller, judge trial
referee.)

*Timothy T. Folsom*, self-represented, the appellant (named plaintiff).

*Melinda A. Powell*, with whom was *Allison L. Pannozzo*, for the appellees (defendants).

*Opinion*

LAVERY, J. The self-represented plaintiff Timothy T. Folsom[1] appeals from the judgment of the trial court granting the motion to strike filed by the defendants, the city of Milford (city), the city's zoning board of appeals (board), and the city's zoning enforcement officer. On appeal, the plaintiff claims that the court improperly granted the motion to strike his third amended complaint. Specifically, the plaintiff argues that the court improperly determined that (1) governmental immunity protected the defendants from liability, (2) General Statutes § 8-11[2] does not allow a private cause of action against a zoning board of appeals, and (3) General Statutes § 7-465 does not provide for indemnification to the plaintiff in connection with a zoning appeal. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as alleged in the plaintiff's third amended complaint, and procedural history, as apparent from our review of the record,[3] are relevant to our disposition of this appeal. On August 4, 2011, the city's zoning enforcement officer issued a certificate of zoning compliance to the plaintiff's neighbor to build a nonconforming structure on a vacant lot abutting the plaintiff's property. On August 10, 2011, the plaintiff appealed to the board from the decision of the zoning enforcement officer.

On September 13, 2011, the board held a public hearing on the plaintiff's appeal from the grant of the certificate of zoning compliance. At the hearing, the plaintiff argued that a merger between the vacant lot and the neighbor's property prevented the issuance of the certificate of zoning compliance. At the conclusion of the hearing, the board, finding that a merger had not occurred, upheld the issuance of the certificate of zoning compliance by the zoning enforcement officer to the plaintiff's neighbor. On August 10, 2011, the plaintiff appealed from the decision of the board to the Superior Court (administrative appeal). See *Folsom* v. *Zoning Board of Appeals*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-11-6008063-S (May 15, 2013).

On February 21, 2013, while the plaintiff's administrative appeal was still pending, the plaintiff commenced the present action in the Superior Court seeking reimbursement for costs incurred from litigating the administrative appeal plus interest (reimbursement action). On May 15, 2013, the court, *Hon. John W. Moran*, judge trial referee, sustained the plaintiff's administrative appeal. Id. The court reasoned that the "only evidence that the board received that could sustain a finding that merger had not occurred was the [zoning enforcement officer's] testimony." Id. In addition, the court stated that there were only "two plausible interpretations of

the [zoning enforcement officer's] testimony . . . both of which suffer[ed] from fatal legal infirmities'' and, thus, "the remaining evidence does not constitute substantial evidence capable of supporting a finding that the lots had not merged.'' Id.

On October 22, 2013, the plaintiff filed his third amended complaint in the present reimbursement action. In that complaint, the plaintiff specifically alleged that (1) the zoning enforcement officer was personally liable for failing to enforce the regulations, (2) the board, collectively, was liable for failing to disqualify itself due to a conflict of interest, and (3) the city must indemnify the plaintiff in connection with actions of the zoning enforcement officer and the board.

On November 5, 2013, the defendants filed a joint motion to strike the plaintiff's third amended complaint in the reimbursement action, arguing, in relevant part, that they were entitled to governmental immunity. On December 2, 2013, the court, *Hon. Arthur A. Hiller*, judge trial referee, granted the defendants' motion to strike. In granting the motion, the court held that "§ 7-465 does not provide for indemnification of a zoning board, § 8-21 does not provide for a private cause of action, and all of the claims against the board and the [zoning enforcement officer] required discretion and, as such, entitled all [defendants] to governmental immunity.'' On December 10, 2013, the plaintiff filed the present appeal.[4] Later, the plaintiff filed an amended appeal after the court rendered judgment in the defendants' favor on the stricken complaint.

The plaintiff's sole claim on appeal is that the court improperly granted the defendants' motion to strike his third amended complaint. Specifically, the plaintiff argues that the court improperly determined that (1) governmental immunity protected the defendants from liability, (2) § 8-11 does not allow a private cause of action against a zoning board of appeals, and (3) § 7-465 does not provide for indemnification of a zoning board of appeals. We address each of the plaintiff's arguments in turn.

The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency.'' (Internal quotation marks omitted.) *Ameriquest Mortgage Co.* v. *Lax*, 113 Conn. App. 646, 649, 969 A.2d 177, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009).

At the outset, it is helpful to establish certain legal principles relevant to our discussion. "[W]hile a munici-

pality is generally liable for the ministerial acts of its agents, [General Statutes] § 52-557n (a) (2) (B) explicitly shields a municipality from liability for damages to person or property caused by the negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. . . . In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) *Thivierge* v. *Witham*, 150 Conn. App. 769, 775, 93 A.3d 608 (2014).

"Discretionary act immunity reflects a value judgment that—despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury. . . . In contrast, municipal officers are not immune from liability for negligence arising out of their ministerial acts, defined as acts to be performed in a prescribed manner without the exercise of judgment or discretion. . . . This is because society has no analogous interest in permitting municipal officers to exercise judgment in the performance of ministerial acts." (Internal quotation marks omitted.) *Edgerton* v. *Clinton*, 311 Conn. 217, 229–30, 86 A.3d 437 (2014).

"Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint . . . [that] [t]he determination of whether an act or omission is discretionary in nature and, thus, whether governmental immunity may be successfully invoked pursuant to . . . § 52-557n (a) (2) (B), turns on the character of the act or omission complained of in the complaint." (Internal quotation marks omitted.) *Thivierge* v. *Witham*, supra, 150 Conn. App. 775–76. Additionally, even though governmental immunity is generally raised by the defendant as a special defense, "[w]here it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 321, 907 A.2d 1188 (2006).

In the present case, the plaintiff claims that the court improperly granted the defendants' motion to strike on the ground that governmental immunity protected the defendants from liability. With respect to the zoning enforcement officer, the plaintiff specifically argues

that the zoning enforcement officer is not entitled to governmental immunity because the negligent enforcement of the regulations constituted a breach of a ministerial function to which governmental immunity does not apply. The defendants counter that the zoning enforcement officer is immune from liability because the grant of a certificate of zoning compliance is a discretionary act that required the exercise of judgment. We agree with the defendants.

Here, it is apparent from the face of the plaintiff's third amended complaint that the actions underlying the defendants' alleged liability were discretionary governmental actions, and therefore the court properly relied on the doctrine of governmental immunity in granting the defendants' motion to strike. See *Bonington* v. *Westport*, 297 Conn. 297, 309, 999 A.2d 700 (2010); *Timber Trails Associates* v. *Planning & Zoning Commission*, 99 Conn. App. 768, 775, 916 A.2d 99 (2007). Nevertheless, the plaintiff contends that where zoning regulations exist, their enforcement is a ministerial act, devoid of discretion or judgment. "[C]onstru[ing] the [pleading] in the manner most favorable to sustaining its legal sufficiency," however; *Ameriquest Mortgage Co.* v. *Lax*, supra, 113 Conn. App. 649; we are not persuaded by the plaintiff's argument that the board's enforcement of zoning regulations is a ministerial act. It is well settled that the "[determination of] whether a violation of law [exists generally] is deemed to be a discretionary act" for purposes of determining whether discretionary act immunity applies. *Bonington* v. *Westport*, supra, 309. Indeed, this court has held previously that "the power to enforce zoning regulations conferred by [General Statutes] § 8-12 on town officials is discretionary." *Greenfield* v. *Reynolds*, 122 Conn. App. 465, 471–72, 1 A.3d 125, cert. denied, 298 Conn. 922, 4 A.3d 1226 (2010). The court in *Greenfield* reasoned that "[§] 8-12 simply provides a means by which authorized parties may enforce zoning regulations. It does not provide a rigid, 'prescribed manner' by which the authorized 'officer or official board or authority designated therein' must enforce zoning regulations." Id., 472. Accordingly, the court in this case concluded correctly that the zoning enforcement officer was entitled to governmental immunity.

Likewise, the plaintiff's third amended complaint failed to state a legally sufficient claim against the board, on the basis of the board's alleged failure to identify a conflict of interest, because the identification of a conflict of interest is an action that requires the exercise of discretion, and thus the board is entitled to governmental immunity.[5] We have held previously that "[t]he decision as to whether a particular interest is sufficient to disqualify [a member of a local zoning commission from participating in a commission hearing or decision on a matter] is necessarily a factual one and depends on the circumstances of the particular

case." (Internal quotation marks omitted.) *Timber Trails Associates* v. *Planning & Zoning Commission*, supra, 99 Conn. App. 775. Accordingly, because the identification of a conflict of interest requires the use of judgment exercised on a case-by-case basis, such action is discretionary. See *Thivierge* v. *Witham*, supra, 150 Conn. App. 775. Therefore, taking the facts to be those alleged in the third amended complaint; see *Ameriquest Mortgage Co*. v. *Lax*, supra, 113 Conn. App. 649; it is apparent that the board's determination that a conflict of interest did not exist was discretionary. As a result, the court correctly granted the defendants' motion to strike as to the board.

The plaintiff argues, however, that § 52-557n (c) contains an exception to governmental immunity that applies where the action of a municipal board, even if discretionary, violates a code of ethics.[6] The plaintiff alleged in his third amended complaint that the board violated the ethical requirements of § 8-11[7] by failing to disqualify itself at the hearing. The plaintiff further alleged that a personal conflict of interest resulted from the board's involvement in a separate action. See footnote 5 of this opinion. We are not persuaded.

First, the plaintiff has not alleged a legally sufficient claim of personal interest in order to state a claim under § 8-11. "A personal interest, we have said, is a personal bias or prejudice which imperils the openmindedness and sense of fairness which a zoning official in our state is required to possess." (Internal quotation marks omitted.) *Nazarko* v. *Conservation Commission*, 50 Conn. App. 548, 552, 717 A.2d 850, cert. denied, 247 Conn. 940, 723 A.2d 318 (1998). Furthermore, when analyzing whether an alleged conflict of interest exists, we are mindful that "[l]ocal governments would . . . be seriously handicapped if any conceivable interest, no matter how remote and speculative, would require the disqualification of a zoning official." *Anderson* v. *Zoning Commission*, 157 Conn. 285, 291, 253 A.2d 16 (1968). The only allegations of a personal conflict of interest in the plaintiff's third amended complaint relate to the zoning enforcement officer's appeal from a decision of the board in an unrelated case. Even when we construe the third amended complaint in the manner most favorable to sustaining its legal sufficiency, these allegations do not amount to a personal conflict of interest. Rather, these allegations relate to the professional duties of the zoning enforcement officer and the board members, and do not amount to impermissible personal bias that would disqualify the entire board from hearing any case brought by the zoning enforcement officer.

Additionally, it is apparent from the face of the third amended complaint that the plaintiff does not allege a legally sufficient cause of action against the board because § 52-557n (c) does not authorize a private cause

of action against the board as a whole. Section 52-557n (c) refers to the personal liability of an individual board member "if such person" engages in proscribed conduct. Here, the plaintiff directs his allegations against the board as an entity, and not to any of its members individually. As a result, he has failed to state a claim under § 52-557n (c) that would subvert governmental immunity. We therefore conclude that the court correctly granted the defendants' joint motion to strike for failure to state a claim upon which relief could be granted.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although Laurie E. Folsom was identified as a plaintiff in the trial court, she is not named as a plaintiff in this appeal. We therefore refer in this opinion to Timothy T. Folsom as the plaintiff.

[2] The plaintiff's third amended complaint and appellate brief identify General Statutes § 8-21 as the applicable conflict of interest statute in the present action. Section 8-21, however, pertains to conflicts of planning commissions, not zoning boards. See General Statutes § 8-21 ("[n]o member of any planning commission shall participate in the hearing or decision of the commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense").

General Statutes § 8-11, however, is the applicable statute in the present case. Section 8-11 provides in relevant part: "No member of any zoning . . . board and no member of any zoning board of appeals shall participate in the hearing or decision of the board . . . of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense."

Accordingly, we will refer in this opinion to § 8-11 as we consider the claim raised by the plaintiff in this appeal. See *Mourning* v. *Commissioner of Correction*, 120 Conn. App. 612, 624–25, 992 A.2d 1169 (construing pro se pleadings liberally), cert. denied, 297 Conn. 919, 996 A.2d 1192 (2010).

[3] We take judicial notice of the plaintiff's Superior Court filings in the present case and related actions filed by the plaintiff. See *State* v. *Lenihan*, 151 Conn. 552, 554, 200 A.2d 476 (1964).

[4] On April 24, 2014, this court remanded the matter to the trial court to resolve the issue of whether judgment had been rendered on the stricken complaint. On May 29, 2014, the defendants filed a motion for judgment pursuant to Practice Book § 10-44. On July 28, 2014, after hearing arguments, the trial court granted the defendants' motion for judgment. On August 4, 2014, the plaintiff filed an amended appeal.

[5] The plaintiff's third amended complaint alleged that in early July, 2011, prior to the plaintiff's board hearing, the zoning enforcement officer appealed from a decision of the board to the Superior Court.

That separate administrative appeal did not involve the plaintiff. Our discussion of that administrative appeal is relevant only to the allegation by the plaintiff that the same zoning enforcement officer and board were, at the time of his hearing, adverse parties to a separate administrative appeal, thereby creating a conflict of interest.

[6] General Statutes § 52-557n (c) provides in relevant part: "Any person who serves as a member of any board, commission, committee or agency of a municipality and who is not compensated for such membership on a salary or prorated equivalent basis, shall not be personally liable for damage or injury . . . resulting from any act, error or omission made in the exercise of such person's policy or decision-making responsibilities on such board, commission, committee or agency if such person was acting in good faith, and within the scope of such person's official functions and duties, and was not acting in violation of any state, municipal or professional code of ethics regulating the conduct of such person . . . ."

[7] General Statutes § 8-11 prohibits a zoning board member from hearing or deciding "any matter in which he is directly or indirectly interested in a personal or financial sense. . . ." The plaintiff has not alleged that the board should have disqualified itself due to a financial conflict of interest. Accordingly, we address only the alleged personal conflict of interest.