JAMES BRULE ET AL. *v.* NERAC, INC., ET AL.
(AC 31834)

DiPentima, C. J., and Bear and Stoughton, Js.

Argued December 1, 2010—officially released March 15, 2011

*Francis G. Gleason, Jr.*, for the appellants (named plaintiff et al.).

*Victoria Woodin Chavey*, with whom was *Stacy Smith Walsh*, for the appellees (defendants).

STOUGHTON, J. The plaintiffs, James Brule, Stephen Warner and Dawn Wynkoop, appeal from the judgment of the trial court rendered in favor of the defendants, Nerac, Inc. (Nerac), and five individual employees[1] of Nerac (individual defendants), following the court's granting of the defendants' motion to strike. The plaintiffs, former employees of Nerac, commenced this action against the defendants following the termination of their employment.[2] On appeal, they claim that the court (1) improperly concluded that Warner's contract based claims were insufficient as a matter of law and (2) improperly concluded that the individual defendants did not owe the plaintiffs a legal duty. We affirm the judgment of the trial court.

The plaintiffs' amended complaint, taken as true and construed in the manner most favorable to sustaining its legal sufficiency; see *Greenfield* v. *Reynolds*, 122 Conn. App. 465, 466, 1 A.3d 125, cert. denied, 298 Conn. 922, 4 A.3d 1226 (2010); asserts the following facts. Nerac, a Delaware corporation headquartered in Tolland, employed each of the plaintiffs for a period of time before they were terminated from their employment. Brule held the position of advisor and was terminated on February 6, 2007. Warner served as a business unit director–strategic accounts and was terminated on February 5, 2007. Wynkoop was employed as a client service manager and was terminated on January 12, 2007.

---

[1] The five individual employees named as defendants are Kevin A. Bouley, Betsy Petrie, Gerri Potash, Jil Corso and Paul Harger, all of whom were managers or executives of Nerac.

[2] Two additional former employees of Nerac, Carol Green and Jennifer Santry, who were named as plaintiffs and listed as appellants in the docketing statement filed pursuant to Practice Book § 63-4, have withdrawn their appeals. We therefore refer in this opinion to Brule, Warner and Wynkoop as the plaintiffs.

By amended complaint filed August 21, 2008, the plaintiffs sought to recover damages from the defendants on the basis of a number of legal theories. The gravamen of these claims is that in 2003 Nerac provided a management training course, entitled "Managing Within the Law," which was attended by certain Nerac managers, including Warner and several of the individual defendants. The plaintiffs alleged that the training materials used in the course directed Nerac's managers to provide progressive discipline, open communication and an opportunity for improvement prior to terminating their subordinates' employment. By virtue of teaching the attendees the contents of this training course, the plaintiffs claimed, Nerac formed contractually binding obligations not to terminate its managing employees absent such discipline. Because Warner attended the course as a manager, he alleged against Nerac breach of an express or implied employment contract and breach of the implied covenant of good faith and fair dealing.[3]

Additionally, each plaintiff alleged that the individual defendants had committed negligence by terminating their employment. They claimed that the contracts of employment included a duty on the part of the individual defendants not to terminate their subordinates without affording progressive discipline and an opportunity to improve, and that the individual defendants had breached this duty by not providing these procedures prior to the plaintiffs' terminations.

The defendants subsequently filed a motion to strike Warner's claims of breach of contract and breach of

[3] Brule and Wynkoop also alleged similar contract based claims against Nerac. The defendants did not challenge these claims in their motion to strike. After judgment was rendered on the motion to strike, Nerac filed a motion for summary judgment on Brule's and Wynkoop's contract based claims. The court granted Nerac's motion and rendered summary judgment on those remaining claims, and the plaintiffs do not challenge that ruling on appeal.

the implied covenant of good faith and fair dealing. The defendants contended that the terms of the alleged employment contract that arose out of the "Managing Within the Law" course were too indefinite to form an enforceable contract and, therefore, that Warner had failed to state a cognizable contract based claim. The defendants' motion also sought to strike each count in the amended complaint that alleged a claim of negligence against the individual defendants. They argued that such claims were insufficient because the individual defendants did not owe a legal duty to the plaintiffs.

The court, by memorandum of decision, granted the defendants' motion to strike. In addressing Warner's contract based claims, the court explained that the purpose of the "Managing Within the Law" course was to instruct the attendees on effective managing strategies and to provide useful advice regarding what managers " 'should' " do with respect to their subordinate employees. The course materials, however, did not manifest an intention on the part of Nerac to undertake any employment related contractual obligations of the type asserted by the plaintiffs. The court concluded, therefore, that any representations made in the management course could not reasonably be construed as contractual promises and were unenforceable as a matter of law.

Turning to the plaintiffs' claims against the individual defendants, the court explained that these allegations were premised on the notion that the individual defendants were negligent by failing to follow Nerac's customs and policies, including a duty to provide progressive discipline prior to terminating their subordinates' employment. The plaintiffs contended that such obligations arose from the employment contracts between the individual defendants and Nerac that allegedly were formed when they attended the "Managing Within the Law" course. The court disagreed, reasoning

that a duty to provide progressive discipline could not have arisen as a result of the individual defendants attending such a course, "which contained advice and suggestions, not contractual obligations." Accordingly, the court concluded that, as a matter of law, the plaintiffs' negligence claims did not allege a legal duty owed to them by the individual defendants. After judgment was rendered in favor of the defendants pursuant to Practice Book § 10-44, the plaintiffs filed the present appeal.

"The standard of review in an appeal from the granting of a motion to strike is well established. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . For the purpose of ruling upon a motion to strike, the facts alleged in a complaint, though not the legal conclusions it may contain, are deemed to be admitted. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) *Metcoff* v. *Lebovics*, 123 Conn. App. 512, 516, 2 A.3d 942 (2010). With these principles in mind, we turn to the plaintiffs' claims on appeal.

I

The plaintiffs first claim that the court improperly granted the defendants' motion to strike Warner's contract based claims asserted against Nerac. Specifically, the plaintiffs argue that the facts alleged in their complaint demonstrate that the language in the "Managing Within the Law" course set forth contractually binding

mandatory directives by which Nerac promised to provide Warner with progressive discipline and adequate warning prior to his termination. The defendants counter that, consistent with the court's decision, the language in the course relied on by the plaintiffs was not sufficiently promissory to support contractual liability. We agree with the defendants.

"Under established principles of contract law, an agreement must be definite and certain as to its terms and requirements." (Internal quotation marks omitted.) *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 411, 973 A.2d 1229 (2009). "Furthermore, [t]o form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties." (Internal quotation marks omitted.) *LeBlanc* v. *New England Raceway, LLC*, 116 Conn. App. 267, 283, 976 A.2d 750 (2009). Although the determination of whether the parties intended to undertake a contractual commitment is generally a question of fact; see *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 199, 520 A.2d 208 (1987), overruled in part on other grounds by *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993); when the proposed language could not reasonably be construed as a basis for a contractual promise, the issue should not be submitted to the trier of fact. See *Christensen* v. *Bic Corp.*, 18 Conn. App. 451, 457–58, 558 A.2d 273 (1989).

In granting the defendants' motion to strike, the court determined that the provisions in the "Managing Within the Law" course contained no language that was promissory in nature. We agree with that determination. Contrary to the plaintiffs' assertions, the representations allegedly made during the course manifested no present intention on the part of Nerac to undertake immediate contractual obligations to the plaintiffs. See *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School*, 202 Conn. 206, 214–15, 520 A.2d 217 (1987). Our review

of the course text reveals that the language at issue could not reasonably be construed as mandatory directives but instead was meant to inform the attendees on suggested managing practices. For example, in the section of the training materials entitled "At-will vs. Progressive Discipline," the text allegedly stated: "[A]t-will employment . . . means that you do not have to follow any specific procedures or processes before you terminate someone. *You do not need to follow a specific 'progressive discipline program.'* " (Emphasis added.) The materials went on to instruct the attendees that this language did not prohibit them from using progressive discipline as part of their management strategy; instead, it simply meant that they were "not bound by any formal rules or discipline." This section is followed by a series of suggested principles that the managers *should* observe, including terminating employees without prior warning or discipline only when their conduct resulted in egregious company violations. The materials are devoid, however, of any language that demonstrates an intention to contractually bind the parties by way of directing the attendees to follow specified management procedures in a mandatory fashion.

We conclude that the "Managing Within the Law" materials merely suggested how the attendees, including Warner, should manage their subordinates and, thus, cannot reasonably be construed as sufficiently definite to create an enforceable contract. The plaintiffs' amended complaint, therefore, did not sufficiently allege an express or implied employment based contract claim by Warner against Nerac.[4]

---

[4] The plaintiffs allege in their amended complaint that Warner's claim of breach of the implied covenant of good faith and fair dealing was "imposed" on Nerac as a result of his alleged employment contract with Nerac. Because we conclude that the court properly determined that such a contract did not exist, his breach of the implied covenant of good faith and fair dealing claim also was properly stricken. See generally *Magnan* v. *Anaconda Industries, Inc.*, 193 Conn. 558, 567–72, 479 A.2d 781 (1984); *Cowen* v. *Federal Express Corp.*, 25 F. Sup. 2d 33, 37–38 (D. Conn. 1998).

## II

We turn next to the plaintiffs' claim that the court improperly granted the defendants' motion to strike the counts of their amended complaint that alleged negligence on the part of the individual defendants. The plaintiffs contend that the court failed to construe their amended complaint in the light most favorable to sustaining its legal sufficiency when it concluded that their negligence counts failed adequately to allege a duty of care owed to them by the individual defendants. We are not persuaded.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action. . . . Thus, [t]here can be no actionable negligence . . . unless there exists a cognizable duty of care." (Internal quotation marks omitted.) *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 29, 930 A.2d 682 (2007). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) *Ward* v. *Greene*, 267 Conn. 539, 565–66, 839 A.2d 1259 (2004) (*Katz, J.*, dissenting).

The plaintiffs contend that the individual defendants had a duty to use progressive discipline and to provide an opportunity for employees to improve prior to being terminated. They claim that this duty arose from the alleged employment contracts that were formed between Nerac and several of the individual defendants when they attended the "Managing Within the Law" course; see *D'Angelo Development & Construction Corp.* v. *Cordovano*, 121 Conn. App. 165, 186, 995 A.2d 79 ("[t]here is no question that a duty of care may arise

out of a contract"), cert. denied, 297 Conn. 923, 998 A.2d 167 (2010); and that the individual defendants breached this duty when they elected to terminate the plaintiffs in a manner that was inconsistent with the principles espoused at the course.

As set forth in part I of this opinion, the materials used in the training course did not set forth mandatory directives that bound the individual defendants to provide their subordinates with progressive discipline or an opportunity for improvement prior to termination. Because the training materials completely lacked any promissory language, they could reasonably be construed only as suggestive guidelines for managing Nerac employees. Accordingly, there was no contractual obligation from which the alleged duty may have arisen. See *Sheiman* v. *Lafayette Bank & Trust Co.*, 4 Conn. App. 39, 45, 492 A.2d 219 (1985) ("[n]egligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform"). We conclude, therefore, that the court concluded correctly that the plaintiffs' negligence counts failed adequately to allege a legal duty owed to them.

The judgment is affirmed.

In this opinion the other judges concurred.